UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO VELASQUEZ-MARTINEZ, | Civil Action No. 25-3394 (SDW-JBC) |
| Plaintiff, | |
| v. | OPINION |
| LT. PELL, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1.      Presently before this Court is Defendants Bergen County Jail, Corrections Officer Saltos, Corrections Officer Snutas,[1] Lt. Pell, Sgt. Fernandez's motion to dismiss ("Motion to Dismiss") pro se Plaintiff Alejandro Velasquez-Martinez's civil rights complaint ("Complaint"). (ECF No. 14).  Plaintiff cross-moves to amend the Complaint ("Motion to Amend").  (ECF No. 20).

2.      This Court will determine the motions on the briefs pursuant to Federal Rule of Civil Procedure 78(b).   For the following reasons, the Motion to Amend will be granted in part and the Motion to Dismiss will be dismissed as moot.

3.      Plaintiff is a convicted and sentenced prisoner who is currently confined in East Jersey State Prison ("EJSP").  (ECF No. 1 at 4).  He filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on April 28, 2025 alleging constitutional violations related to his pretrial detention in Bergen County Jail.  (*Id.* at 6-10).

---

[1] Incorrectly pled as "Corrections Officer Snotas."  (ECF No. 20-2 at 6 n.1).

4.    On July 21, 2025, Defendants filed their Motion to Dismiss arguing that Plaintiff failed to state a claim against them.  (ECF No. 14).  They further argued that the Complaint had been filed after the statute of limitations expired.  (ECF No. 14-1 at 2).

5.    This Court granted Plaintiff's requests for additional time to respond to the Motion to Dismiss.  (ECF Nos. 16, 18).  He filed his Motion to Amend on December 9, 2025.  (ECF No. 20).  Defendants have not submitted any opposition to the Motion to Amend.

6.    When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), this Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

7.    In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim.  Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).  "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings."  *Id.* at 790.

8.    Rule 15(a)(2) states that after a responsive pleading has been served "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[A]

district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith[,] or dilatory motives[;] (2) the amendment would be futile[;] or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

9.      "[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

10.      This Court has reviewed the Motion to Dismiss and Motion to Amend and concludes that the proposed amended complaint, ECF No. 20-2, may proceed in part.  Defendant Bergen County Jail shall be dismissed as a county jail is not a proper defendant in a civil rights proceeding.  *See Harris v. Hudson Cnty. Jail*, No. 14-cv-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015) (noting that a county jail is not a person subject to suit under § 1983).

11.      Plaintiff's claims against Defendants in their official capacities shall also be dismissed.  The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  These claims will be dismissed with prejudice.

12.      As this Court is permitting Plaintiff to amend the Complaint, the Motion to Dismiss is moot.  Defendants shall answer, move, or otherwise reply to the amended complaint in accordance with Rule 15(a)(3).

13.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
March 6, 2026